IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| LONZITA DAVIS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:20-cv-00117-O-BP |
| § | |
| COMMISSIONER OF SOCIAL § | |
| SECURITY, § | |
| § | |
| Defendant. § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On December 7, 2020, the United States Magistrate Judge issued Findings, Conclusions, and a Recommendation ("FCR") in this case. *See* FCR, ECF No. 15. The FCR recommended the Court affirm the decision of the Commissioner of the Social Security Administration ("SSA") concluding that Plaintiff Lonzita Davis is not disabled as defined by the Social Security Act. *See id.* at 1. Davis filed an Objection to the FCR on December 16, 2020. *See* Pl.'s Obj., ECF No. 16.

The Court has conducted a de novo review of the FCR. For the following reasons, Plaintiff's Objection is **OVERRULED**, and the Court **ADOPTS** the reasoning in the Magistrate Judge's FCR. The Court **AFFIRMS** the Commissioner's decision.

**I.   BACKGROUND**

Davis was born on May 18, 1968, has at least a high school education, and can communicate in English. *See* Admin. R. 30–31, ECF No. 10-1. In the past, Davis worked as an activity leader, substitute teacher, and companion. *See id.* at 30. Davis filed a claim for disability insurance benefits with the SSA on March 8, 2017. *See id.* at 19. The claim was initially denied on June 6, 2017, and then denied on reconsideration on August 23, 3017. *See id.* Davis requested

a hearing in front of the ALJ, which was held on July 25, 2018. *See id.* ALJ Herbert J. Green presided over the hearing and issued a decision on October 30, 2018, finding that Davis was not disabled. *See id.* at 32.

The ALJ applied the statutory five-step analysis. *See id.* at 21–32. Specifically, the ALJ found that (1) Davis had not engaged in gainful activity since March 8, 2017, the application date; (2) Davis had severe impairments of somatic disfunction of the spine, sacral region and pelvic region; degenerative disc disease of the lumbar spine; cervicalgia; degenerative joint disease of the shoulders bilaterally status post chromioplasty; chronic migraines; disequilibrium; obesity; depression; and anxiety under 20 C.F.R. § 416.920(c); (3) Davis's impairment did not meet or equal in combination one of the impairments listed in 20 C.F.R. pt. 404(P); (4) Davis had the residual functional capacity ("RFC") to perform light, semi-skilled work with several identified abilities and limitations, so Davis was unable to perform her past relevant work; and (5) Davis could perform a significant number of jobs in the national economy. *See id.*

The Appeals Council ("AC") denied review, and the Magistrate reviewed the Commissioner's final decision that Davis had not been under a disability. *See* FCR 1, ECF 15. The FCR and Plaintiff's Objections are ripe for the Court's review.

## II.   LEGAL STANDARD

"A [district] judge of the court shall make a de novo determination of those portions of the [magistrate's] report or specified proposed findings or recommendations to which objection is made." 28 USCS § 636(b)(1). On review of the SSA Commissioner's denial of benefits, a court is limited to whether the Commissioner's position is supported by substantial evidence and whether the Commissioner applied the proper legal standards when evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)). The

Commissioner's final decision includes the AC's denial of a request for review. *Higginbotham v. Barnhart*, 405 F.3d 332, 334 (5th Cir. 2005).

Substantial evidence is defined as more than a scintilla and less than a preponderance, and as being such relevant and sufficient evidence as a reasonable mind might accept as adequate to support a conclusion. *See Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). The Commissioner, not the court, has the duty to weigh the evidence, resolve material conflicts in the evidence, and make credibility choices. *See Carrier v. Sullivan*, 944 F.2d 243, 247 (5th Cir. 1991). So, when applying the substantial evidence standard, the reviewing court does not weigh the evidence, retry the issues, or substitute its own judgment; rather, the court scrutinizes the record to determine whether substantial evidence is present. *See Greenspan*, 38 F.3d at 236. "A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Harris ex rel. Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000).

The SSA uses a five-step process to determine whether an individual is disabled. *See* 20 C.F.R. § 404.1520(a)(4). The steps are followed in order, and if at any step the Commissioner determines that the claimant is not disabled, the evaluation need not go on to the next step. *See id.* The five steps consider: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant's impairments are medically severe; (3) whether the claimant's medical impairment or combination of impairments meets or medically equals the criteria listed in the Listing of Impairments; (4) whether the RFC precludes the claimant from performing his past relevant work; and (5) whether the combination of the claimant's RFC, age, education, and work experience allow for adjustments to be made to permit the claimant to work. *See id.* If the impairment is severe but does not meet or equal a listed physical or mental impairment, then the Commissioner must conduct an RFC assessment. *See id.* §§ 404.1520(e), 404.1520a(d)(3).

**III.     ANALYSIS**

Davis makes one objection to the FCR, maintaining that the ALJ failed to make any accommodation for Davis's severe impairment of chronic migraines in his RFC determination. *See* Pl.'s Obj. 2–4, ECF No. 16. Specifically, Davis argues that the ALJ effectively contradicted his finding in step two that Davis's migraines condition is severe by not assigning any limitations to that impairment in the RFC analysis. *See id.* at 2. Because the ALJ failed to address Davis's light and noise sensitivity in his RFC determination, Davis contends the case should be remanded "to the Commissioner for further consideration of the effect of all of the Plaintiff's severe impairments upon her ability to perform work-related activities. *Id.* at 2–3.

After determining that Davis's chronic migraines were a severe impairment, the ALJ engaged in a lengthy analysis of Davis's impairments, limitations, and RFC. Admin. R. 21–30, ECF No. 10-1. This included analyzing the effects from her orthopedic impairments; postural limitations; exertional limitations; obesity, pain, and balance issues; and mental abilities and limitations. *See id.* at 25–27. The ALJ noted Davis's claims of chronic migraines despite treatment. *See id.* at 27. The ALJ concluded that, regarding her exertional and postural limitations, "the clinical findings did not support the degree of limitation alleged [by Davis]." *Id.* He also noted that recent treatment notes reflected "clinical findings of normal sensation, normal motor strength, normal coordination, and normal balance and gait . . . ." *Id.* Those signs from treatment showed "that while her conditions have persisted, they remained of a limited degree with the treatment provided, and have resulted in a persistent but limited degree of associated physical dysfunction due to a combination of her impairments." *Id.* He went on to say that, "[d]espite her impairments, the claimant demonstrated a capacity to function in her daily routine" by driving a vehicle, caring for her daughter, doing some chores, preparing quick meals, and shopping in stores, and that these

4

activities were "inconsistent with her allegations [of disability]." *Id.* at 28. In arriving at his conclusions, the ALJ cited the numerous reports, opinions, and statements of medical professionals who evaluated or consulted for Davis's claim. *See id.* at 28–30.

In support of her objection, Davis highlights the Magistrate's reference to *Campbell v. Berryhill*. Pl.'s Obj. 2, ECFR No. 16 (citing No. 3:15-CV-3913-N (BH), 2017 WL 1102797, at *12 (N.D. Tex. Feb. 24, 2017), *rec. adopted*, No. 3:15-CV-3913-N (BH), 2017 WL 1091651 (N.D. Tex. Mar. 23, 2017). Specifically, Davis quotes the *Campbell* court's holding:

> As in *Martinez*, the ALJ provided no explanation to show that he considered the severe impairment. (*See id.* at 7–8); see also *Martinez*, 2011 WL 4128837, at *5–6 ("Without some explanation in the record as to how plaintiff can suffer from a severe impairment, which by definition must have more than a minimal effect on plaintiff's ability to work and why such severe impairment would not have had any limitation on plaintiff's ability to . . . [fulfill the necessary functions of] the jobs identified by the vocational expert, the decision cannot stand.") (emphasis added). Also, Plaintiff had multiple severe impairments to be considered in the ALJ's RFC determination. (See R. at 226–27, 231–37.) Accordingly, it is unclear what the ALJ intended when he included deep vein thrombosis as a severe impairment but failed to clearly address it in his RFC determination. Given the apparent inconsistency and the failure to reconcile the step two and RFC findings, remand is required on this issue.

Pl.'s Obj. 2, ECF No. 16 (quoting *Campbell*, 2017 WL 1102797, at *12).

Davis's reliance on *Campbell* is misplaced. Unlike in *Campbell*, the ALJ here did provide an explanation showing he considered Davis's severe impairment of chronic migraines. The ALJ indicated that he made his finding on Davis's RFC in consideration of "all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence" and, when "statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, [he considered] other evidence in the record to determine if the claimant's symptoms limit the ability to do work-related activities." Admin. R. 25–26, ECF No. 10-1. Specific to the migraines

impairment, the ALJ found that "claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." *Id.* at 26. This finding provides a reasonable and sufficient basis for the ALJ not having attributed any additional limitations for Davis's migraines beyond the limitations on working at heights or around moving machinery. *See id.* at 28.

Further, an ALJ "does not err solely because [he] finds an impairment 'severe' at step two but does not attribute any limitation to that impairment in assessing the claimant's RFC." *Sarah B. v. Berryhill*, No. 1:17-cv-0080-BL, 2018 WL 3763837, at *8 (N.D. Tex. June 29, 2018), *rec. adopted*, No. 1:17-cv-080-C-BL, 2018 WL 3756944 (N.D. Tex. Aug. 8, 2018). Here, the ALJ's lengthy and detailed analysis of Davis's impairments, corresponding limitations, and resulting RFC indicate sufficient credible evidence and medical findings support the ALJ's decision. *Harris*, 209 F.3d at 417.

Based on the foregoing, the ALJ applied the proper legal standards in evaluating Davis's claim, and substantial evidence supports the ALJ's decision that Davis was not disabled. Thus, the Court **OVERRULES** Davis's Objection.

## IV.   CONCLUSION

Having conducted a de novo review of the FCR and Davis's Objection, the Court **OVERRULES** Plaintiff's Objection and **ADOPTS** the reasoning in the Magistrate Judge's FCR. Accordingly, the Court **AFFIRMS** the Commissioner's decision that Davis is not disabled as defined by the Social Security Act.

**SO ORDERED** on this **3rd day** of **February 2021**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE